IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY J. HARRIS                                                                     PLAINTIFF

v.                              Civil No. 4:18-cv-04091

THE CITY OF TEXARKANA,
ARKANSAS, *et al.*                                                  DEFENDANTS

**ORDER**

      Pending now before the Court is Plaintiff's Motion for Default Judgment. ECF No. 15. Defendants have responded to this Motion. ECF No. 17. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this Motion to this Court. A hearing was held on this Motion on November 5, 2018. After considering this Motion and arguments of counsel, the Court finds as follows**:**

**1.**     **Background:**

      Laney Harris ("Plaintiff"), is a City Director for the City of Texarkana, Arkansas. Plaintiff filed his *pro se* Complaint on June 5, 2018. ECF No.1. In his Complaint, Plaintiff named as Defendants the other six elected City Directors and the city of Texarkana, Arkansas. *Id.* With this Motion, Plaintiff seeks the entry of a default judgment against Defendants Ruth Penny-Bell, Linda Teeters, Barbara S. Miner, and Terri Kenner Peavy for failure to file a timely answer. ECF No. 15.

      According to the Affidavit of Service, Defendant Penny Ruth-Bell was served on August 30, 2018 and her Answer was due September 20, 2018; Defendant Linda Teeters was served on September 4, 2018 and her Answer was due September 25, 2018; Defendant Barbara S. Miner was served on August 29, 2018 and her Answer was due September 19, 2018; and Defendant Terri Kenner Peavy was served on September 4, 2018 and her Answer was due September 25, 2018. ECF

1

No. 8.

Defendants Ruth Penny-Bell, Linda Teeters, Barbara S. Miner, and Terri Kenner Peavy answered Plaintiff's Complaint on September 5, 2018. ECF No. 7. On October 5, 2018, thirty days following this timely filed Answer, Plaintiff filed this Motion for Default. ECF No. 15.

At the hearing on November 5, 2018, Plaintiff orally moved to withdraw his Motion for default.

**2.     Discussion:**

At the hearing on November 5, 2018, Plaintiff stated, he never received a copy of Defendants' Answer. He stated that he only became aware of the timely filed Answer upon receipt of Defendants' Response to the Motion. This statement by Plaintiff appears to be false, given the fact that attached to Plaintiff's Brief in Support of the Motion for Default is a copy of this Court's docket which clearly shows these Defendants' Answer filed on September 5, 2018. ECF No. 16, Pg. 4.

I also note that although Plaintiff is proceeding *pro se* in this matter, he is familiar with the rules of litigation in this Court having filed three (3) previous *pro se* lawsuits.[1]  Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings,

---

[1] *Harris v. Orr, et al*, 4:01-cv-4146 (voting rights act claims, case dismissed for failure to state a claim on October 2, 2002); *Harris v. City of Texarkana, et al*, 4:11-cv-4124 ( voting rights act claims, Judgment for Defendants following a bench trial on December 2, 2013); *Harris v. City of Texarkana, et al*, 4:12-cv-4050 (civil rights claims, case dismissed for failure to state a claim on September 14, 2014).

or increase the expense of litigation.[2] *See* FED. R. CIV. P. 11(b)–(c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, *see* FED. R. CIV. P. 11(b)(1); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension of change in existing law, *see* FED. R. CIV. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, *see* FED. R. CIV. P. . 11(b)(3). The purpose of Rule 11 is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, (1990). Further, "Rule 11 makes sanctions mandatory when a violation of the Rule occurs, but whether a violation has occurred is a matter for the court to determine, and this determination involves matters of judgment and degree. The issue is whether the person who signed the pleading conducted a reasonable inquiry into the facts and law supporting the pleading." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987)

In this matter, Plaintiff has clearly violated Rule 11(b)(1)-(b)(3). There was simply no basis for which Plaintiff to seek the entry of a default after each of the Defendants had filed their timely Answer. Further, Plaintiff's attempts to excuse his behavior by claiming he did not receive a copy of their Answer is without merit as Plaintiff attached a copy of the Court docket sheet to his Brief in Support of the Motion which clearly shows the Defendants all filed a timely Answer. Rule 11 states that sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." FED.R.CIV.P. 11(c)(2). In this matter, simply denying Plaintiff's Motion will not be a sufficient deterrent to future action. A review of Plaintiff's

---

[2]The Court indicated initially at the hearing it intended to award attorney's fees to Defendants for being forced to respond to this Motion for Default. However, upon review it is apparent that a sanction pursuant to Rule 11 is more appropriate.

previous *pro se* matters before this Court show several motions denied as premature, or seeking relief to which he was not entitled. Further, Plaintiff has had more than one pleading dismissed for failing to state a claim. As such, this Court finds a monetary sanction appropriate and believes it will be sufficient to deter repetition of future violation of Rule 11 by the Plaintiff.

**3.    Conclusion:**

Based on the foregoing, Plaintiff's Motion for Default Judgment (ECF No. 15) is **DENIED**. Further, Plaintiff is sanctioned in the amount of $100.00, said amount to be paid the Clerk of Court within thirty (30) days of the date of this Order.

**Plaintiff is cautioned that future violations of Rule 11, or any other Order or rule of this Court may result in more severe sanctions being imposed including dismissal of his claims**.

**ENTERED this 7th day of November 2018.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE