IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY J. HARRIS                                                                   PLAINTIFF

v.                          Case No. 4:18-cv-4091

THE CITY OF TEXARKANA,
ARKANSAS, *et al.*                                              DEFENDANTS

**<u>ORDER</u>**

Plaintiff Laney J. Harris has brought numerous claims against Defendants,[1] including claims pursuant to 42 U.S.C. § 1983 and state law. On September 10, 2018, Plaintiff filed an Amended Motion to Strike Answer to Complaint and for Default Judgment. ECF No. 12. United States Magistrate Judge Barry A. Bryant held a hearing regarding this motion on November 5, 2018. In an order dated November 7, 2018, the Magistrate Judge denied Plaintiff's Amended Motion to Strike Answer and for Default Judgment. ECF No. 22. Plaintiff filed an appeal from the Magistrate Judge's order. ECF No. 24. For the following reasons, the Court affirms the Magistrate Judge's Order.

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Dochniak v. Dominum Mgmt. Servs.*, 240 F.R.D. 451, 452 (D. Minn. 2006) (citing *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)). "The Court will reverse such an order only if it is clearly erroneous or contrary to law." *Dochniak*, 240 F.R.D. at 452.

Plaintiff alleges claims against five City Directors, including Tim Johnson and Travis Odom, who filed an untimely answer. Plaintiff moved to strike Johnson and Odom's untimely answer and

---

[1] The Defendants in this case include the city of Texarkana, Arkansas; the mayor of Texarkana; and five City Directors.

to enter a default judgment against them. The Magistrate Judge concluded that if the "Court were to enter a default judgment against Defendants Tim Johnson and Travis Odom and the remaining Defendants subsequently prevailed on the merits, inconsistent judgments would result." ECF No. 22, p. 3. Thus, the Magistrate Judge denied Plaintiff's Amended Motion to Strike Answer to Complaint and for Default Judgment.

The Court cannot conclude that the Magistrate Judge erred by applying the inconsistent judgment doctrine to the facts of this case and declining to strike Johnson and Odom's answer and enter default judgment. The Eight Circuit has held:

> [w]hen co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment. To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party.

*Angelo Iafrate Constr., LLC v. Potashnick Constr., LLC*, 370 F.3d 715, 722 (8th Cir. 2004). In the instant case, Johnson and Odom are similarly situated in that they are City Directors and Plaintiff has alleged the same allegations against them as he has alleged against the other City Director Defendants, who filed a timely answer. The other City Director Defendants assert a defense on the merits that equally applies to Johnson and Odom. Thus, the success of the other City Director Defendants' defense should operate as a discharge to all City Director Defendants. In other words, the liability of Johnson and Odom would not be based on independent wrongful acts or a legal theory distinct from the legal theory of the other City Director Defendants. Thus, the Court agrees with the Magistrate Judge that Plaintiff's Amended Motion to Strike Answer and Complaint and for Default Judgment (ECF No. 12) should be denied. Accordingly, the Magistrate Judge's Order (ECF No. 22) is affirmed.

**IT IS SO ORDERED**, this 27th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey

Chief United States District Judge