IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY J. HARRIS                                                                PLAINTIFF

vs.                                  Civil No. 4:18-cv-04091

THE CITY OF TEXARKANA,
ARKANSAS, *et al*                                            DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendants', The City of Texarkana, Arkansas, Tim Johnson, Barbara S. Miner, Travis N. Odom, Terri Kenner Peavy, Penny Ruth-Bell, and Linda Teeters Motion To Dismiss. ECF No. 40. Plaintiff filed a response to this motion. ECF No. 44. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. This Court, having reviewed the parties arguments and briefing, recommends Defendants' Motion To Dismiss (ECF No. 40) be **GRANTED.**

**1. Background**

On June 14, 2019, Plaintiff filed a *pro se* Amended Complaint against Defendants alleging various civil right violations connected to his being an elected member of the City of Texarkana, Arkansas, Board of Directors. ECF No. 33. Plaintiff's Amended Complaint is 71 pages in length with 447 numbered paragraphs. This Amended Complaint is a rambling and difficult to understand document. On July 22, 2019, Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF. No. 40. Plaintiff responded to this motion on August 14, 2019. ECF No. 44, 45.

## 2. Applicable Law

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must have a short and plain statement of the claim showing the plaintiff is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Twombly,* 550 U. S. at 555. While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *See Twombly*, 550 U.S. at 556.

The complaint must set forth enough facts to state a claim to relief that is plausible on its face. *See Braden v. Wal–Mart Stores,* Inc., 588 F.3d 585, 594 (8th Cir.2009). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although *pro se* complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the *pro se* litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

**3. Discussion**

In liberally reviewing Plaintiff's pleadings, it appears he alleges (1) deprivation of constitutional rights and privileges under 42 U.S.C. § 1983, (2) defamation, (3) tort of outrage, (4) libel and slander, (5) civil conspiracy, (6) breach of fiduciary duty, (7) unjust enrichment, and (8) intentional infliction of emotional distress. These claims are based on the allegations, that as members of the Texarkana, Arkansas Board of Directors, the individual Defendants voted to censure him, made defamatory statements about him, and removed him from his appointment to the Advertising and Promotion Commission.

**A. Federal Claims pursuant to 42 U.S.C. § 1983**

i. First Amendment: On June 15, 2017, Defendants voted unanimously to censure Plaintiff for actions they felt did not represent the City. ECF 41, Pgs. 1-2. Plaintiff alleges the censure violated his First Amendment right to free speech. "To successfully plead a First Amendment retaliation claim, a plaintiff must plausibly plead that he/she 'engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against them that would chill a person of ordinary firmness from engaging in that activity.' " *Zutz v. Nelson,* 601 F.3d 842, 848–49 (8th Cir. 2010) (quoting *Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2007)). *Zutz* is similar to the present matter in that both cases involved a dispute between members of a governing board or council. Although *Zutz* did not specifically address the First Amendment implications of a censure, the court rejected attempts to amend the complaint to include factual allegations the Board censured one of the plaintiffs. *Id.* at 851–52. As the court explained, "We have doubts as to whether these added factual allegations state constitutional deprivations sufficient to chill a person of ordinary firmness." *Id.* at 851.

Further, other Circuits deciding First Amendment retaliation claims based on a governing

3

council's discipline of one of its own members have found no First Amendment violation. *See Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 546 (9th Cir. 2010) (school board member removed from vice president position allegedly because he was a persistent critic of the superintendent); *Phelan v. Laramie Cty. Cmty. Coll. Bd. Trs.,* 235 F.3d 1243, 1248 (10th Cir. 2000) (community college board member censured for running advertisement encouraging the public to vote against a measure proposed by the board); *Zilich v. Longo,* 34 F.3d 359, 363–64 (6th Cir. 1994) (city council member accused in a resolution and ordinance of violating the city charter's residency requirement).

There is no meaningful difference between Plaintiff's claim and those in *Blair, Phelan*, and *Zilich*. Plaintiff was censured by his fellow council members because they disagreed with his behavior outside of council meetings. The significance of the gesture is greatly diminished because there is no enforcement mechanism. Plaintiff has not plausibly alleged the censure against him "would chill a person of ordinary firmness" from exercising his First Amendment rights. *See Zutz*, 601 F.3d at 849. Accordingly, this Court recommends Plaintiff's claim based on a violation of First Amendment right to free speech should be dismissed with prejudice.

ii. Due Process Claim: Plaintiff also alleges the censure violated his Fourteenth Amendment right to procedural due process. To state a claim for a violation of procedural due process, a plaintiff must plausibly allege that "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the [protected] interest." *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 966 (8th Cir. 2015) (quotation omitted). Plaintiff seems to argue he has protected interests in both his position as a Director and his reputation. With regard to the former, Plaintiff remains a director. He fails to allege any deprivation of a protected interest he may have in being an effective Director. With regard to his reputation, "the loss of reputation must be coupled with some

other tangible element to rise to the level of a protectible property interest." *Zutz*, 601 F.3d at 849 (quoting *Gunderson v. Hvass,* 339 F.3d 639, 644 (8th Cir. 2003)). Plaintiff has not alleged any tangible harm flowing from the censure and, therefore, cannot invoke procedural due process for alleged damage to his reputation.

Plaintiff also claims his removal from the Texarkana Arkansas Advertising and Promotion Commission ("A & P") violated his Fourteenth Amendment right to procedural due process. The A & P is an independent commission which is authorized under state law. The A & P has board members and Plaintiff was one of two city Directors appointed to sit on the A & P. At the same meeting where Plaintiff was censured, he was also voted off the A & P Commission by vote of the individual City Defendants. Being appointed to the A & P Commission is not a position of employment. It includes no pay, benefits or other form of employment. Like his due process claim related the his censure, his claim based upon removal from the A & P Commission does not deprive him of any protected interest. He had no enforceable "constitutional right" or "protected interest" to be a member of the A & P. Accordingly, this Court recommends Plaintiff's due process claims should be dismissed with prejudice.

iii. <u>Equal Protection Claim</u>: Plaintiff also alleges in his Complaint the conduct of the Defendants deprived him the Equal Protection of the laws guaranteed under the Fourteenth Amendment of the United States Constitution. The Equal Protection Clause requires the government treat similarly situated persons alike. Therefore, to state an equal protection claim, it is essential a plaintiff allege he was treated differently than others who are similarly situated to him. *Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir.1996). Here, Plaintiff does not allege he was treated differently than any similarly-situated individual, thus he fails to present a viable equal protection claim. Accordingly, this Court recommends Plaintiff's equal protection claims should be dismissed with prejudice.

iv. <u>Defamation</u>: Plaintiff seems to allege defamation as part of his federal civil rights claim. His allegations of defamation also fail to support a constitutional claim for relief. The United States Supreme Court has long held that defamation by a state or local official does not, by itself, violate rights protected by the federal constitution. *See Paul v. Davis*, 424 U.S. 693, 711-712 (1976). In addition, defamation is not actionable under section 1983 and damage to reputation, standing alone, does not state a claim for relief, because reputation is "neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Johnson v. Barker,* 799 F.2d 1396, 1399 (9th Cir. 1986). Accordingly, this Court recommends Plaintiff's defamation claims should be dismissed with prejudice.

**B. State Law Claims**

In addition to his federal claims, Plaintiff alleges the following state-law claims: outrage, libel and slander, civil conspiracy, breach of fiduciary duty, unjust enrichment, and intentional infliction of emotional distress. Because Plaintiff has failed to allege any viable federal claim, this Court should decline to exercise supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3) (court may, *sua sponte*, decline to exercise supplemental jurisdiction over pendent state-law claims if it has dismissed all claims over which it had original jurisdiction); *Johnson v. City of Shorewood,* 360 F.3d 810, 819 (8th Cir. 2004) (when all federal claims are eliminated before trial, balance of factors to be considered in deciding whether to exercise supplemental jurisdiction over pendent state-law claims typically militates against exercising jurisdiction) (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). Accordingly, this Court recommends Plaintiff's state-law claims should be dismissed without prejudice.

**4. <u>Conclusion</u>**

Based upon the foregoing, this Court recommends Defendants Motion To Dismiss (ECF No.

40) be **GRANTED.** Plaintiffs federal claims should be dismissed with prejudice. Plaintiff's state law claims should be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 25th day of September 2019.**

s/ *Barry A. Bryant*  
HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE
