IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY J. HARRIS                                                                                    PLAINTIFF

v.                                             Case No. 4:18-cv-4091

THE CITY OF TEXARKANA,
ARKANSAS, *et al.*                                                                                DEFENDANTS

**ORDER**

Plaintiff Laney J. Harris has brought numerous claims against Defendants,[1] including claims pursuant to 42 U.S.C. § 1983 and state law. On July 22, 2019, Plaintiff Laney J. Harris filed a Motion to Amend Final Scheduling Order (ECF No. 39). In this motion, Plaintiff moved the Court to extend the April 25, 2019 deadline for filing amended complaints. The motion was referred to Magistrate Judge Barry A. Bryant, and the motion was denied on September 26, 2019. ECF No. 51. Before the Court is Plaintiff's appeal of the order denying his Motion to Amend Final Scheduling Order. ECF No. 54.

Before the Court deals with the instant motion, the Court notes that the Court has already affirmed Plaintiff's separate appeal of Judge Bryant's Order denying Plaintiff's Motion for Leave to File Second Amended Complaint. ECF No. 49. In the Order affirming the appeal, the Court applied the good-cause standard found in Federal Rule of Civil Procedure 16(b) and found that Plaintiff's Motion for Leave to File Second Amended Complaint was untimely and Plaintiff had not shown good cause for his delay in filing it.[2]

---

[1] The Defendants in this case include the city of Texarkana, Arkansas; the mayor of Texarkana; and five City Directors.

[2] Plaintiff filed his Motion for Leave to File Second Amended Complaint (ECF No. 35) on July 3, 2019, over two months after the deadline for filing amended pleadings had passed. The discovery deadline had also passed on June 24, 2019. Further, Plaintiff had already been given leave to file a first Amended Complaint after the deadline for filing amended pleadings had passed.

Turning now to the instant appeal, the Court notes that Rule 16(b) also applies to Plaintiff's Motion to Amend Scheduling Order. Because Plaintiff moves the Court to amend the scheduling order to file a second Amended Complaint after the deadline, the Court applies the same reasoning it used to affirm Judge Bryant's order denying Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF Nos. 38, 49). The two motions are essentially the same. Accordingly, the Court finds that the instant appeal should be affirmed for the same reasons it affirmed Judge Bryant's Order denying Plaintiff leave to file a second Amended Complaint.

"The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." *Dochniak v. Dominum Mgmt. Servs.*, 240 F.R.D. 451, 452 (D. Minn. 2006) (citing *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999)). "The Court will reverse such an order only if it is clearly erroneous or contrary to law." *Dochniak*, 240 F.R.D. at 452.

Deadlines set in a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). "The primary measure of Rule 16(b)'s 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 248 F.3d 807, 809 (8th Cir. 2001). "[Rule 16(b)] [m]otions that would prejudice the nonmoving party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy are particularly disfavored." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016).

In the instant case, the deadline for filing amended pleadings was April 25, 2019.

However, the Court allowed Plaintiff to file a first Amended Complaint after the deadline had passed. Plaintiff filed his first Amended Complaint on June 14, 2019. Plaintiff then filed his Motion for Leave to File Second Amended Complaint (ECF No. 35) on July 3, 2019, and the motion was denied by Judge Bryant.

Plaintiff's motion explains that he would like to add to his Amended Complaint "new factual allegations in support of [his] three existing claims." ECF No. 39, p. 4. Plaintiff claims that the late discovery of the "new facts" was due to Defendants' failure to complete timely-filed discovery requests. Plaintiff, however, did not file a motion to compel regarding any delay in responding to discovery requests. Further, Plaintiff does not set forth a timeline for when he supposedly discovered these "new facts." Plaintiff has not adequately explained in his Motion to Amend Final Scheduling Order (ECF No. 39) why he could not have added these "new facts" before the deadline for amending pleadings or in his first Amended Complaint that he filed on June 14, 2019. Further, proposing new facts in an eighty-one page second Amended Complaint (ECF No. 36-1) after discovery has been completed and after the case has been pending for over one year would result in prejudice to Defendants.

For these reasons, the Court agrees with Judge Bryant that Plaintiff's Motion to Amend Final Scheduling Order (ECF No. 39) should be denied. Accordingly, Judge Bryant's Order (ECF No. 51) is affirmed.

**IT IS SO ORDERED**, this 17th day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge