IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LANEY J. HARRIS                                                  PLAINTIFF

v.                          Case No. 4:18-cv-4091

THE CITY OF TEXARKANA,
ARKANSAS, *et al.*                                        DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed September 25, 2019, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 50. Judge Bryant recommends that Defendants' Motion to Dismiss (ECF No. 40) be granted. Plaintiff has responded with objections and supplement. ECF No. 52, 53. The Court finds the matter ripe for consideration.

Plaintiff, representing himself in this matter, filed an Amended Complaint against Defendants, alleging various civil rights violations connected to his being an elected member of the Board of Directors for the city of Texarkana, Arkansas. Plaintiff's Amended Complaint is seventy-one pages and difficult to understand. It appears that, pursuant to 42 U.S.C. § 1983, Plaintiff alleges a First Amendment retaliation claim, a procedural due process claim, an equal protection claim, and a defamation claim. These claims are based on the allegations that, as members of the Texarkana, Arkansas Board of Directors, the individual Defendants voted to censure Plaintiff, made defamatory statements about him, and removed him from his appointment to the Advertising and Promotion Commission. Plaintiff also alleges various state law claims.

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that all Plaintiff's claims should be dismissed. Judge Bryant recommends that all federal

claims be dismissed with prejudice for failure to state a claim. He further recommends that the Court decline to exercise supplemental jurisdiction over the state-law claims. Plaintiff has objected, and the Court will conduct a de novo review.

### A. First Amendment Claim

"To successfully plead a First Amendment retaliation claim, a plaintiff must plausibly allege that he/she engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him/her] that would chill a person of ordinary firmness from engaging in that activity." *Zutz v. Nelson*, 601 F.3d 842, 848-49 (8th Cir. 2010) (internal quotation omitted). Judge Bryant recommends dismissal of Plaintiff's First Amendment retaliation claim because he has not plausibly alleged that a censure "would chill a person of ordinary firmness" from exercising First Amendment rights. *See id.*

In his objections, Plaintiff addresses this point by stating "Defendant's prohibition chilled Plaintiff's exercise of protected speech criticism of the city government officials of improperly action and the condition of City property is a matter of public concern." ECF No. 52-1, p. 5. Plaintiff cites no authority in support of this statement and does not point the Court to anywhere in the Amended Complaint where he makes this allegation. Instead, Plaintiff's objections regarding this claim focus mainly on his allegations that Defendants were biased against him. The Court agrees with Judge Bryant's analysis and finds that Plaintiff has not plausibly alleged that the censure of a City Director would chill a person of ordinary firmness from exercising First Amendment rights. Thus, Plaintiff's First Amendment retaliation claim should be dismissed.

### B. Due Process Claims

To state a claim for violation of procedural due process, a plaintiff must plausibly allege that "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was

deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 966 (8th Cir. 2015) (internal quotation omitted). Plaintiff appears to allege that he has a protected interest in his position as a City Director, his reputation, and his position on the Texarkana, Arkansas Advertising and Promotion Commission ("APC"). Judge Bryant recommends dismissal of Plaintiff's procedural due process claim for the following reasons: (1) Plaintiff has not been deprived of any interest he has in being a City Director because he remains in that position; (2) he has not alleged any tangible harm flowing from the censure as required to state a procedural due process claim based on loss of reputation; and (3) he does not have a protected interest in his position on the APC.

In his objections, Plaintiff appears only to challenge Judge Bryant's recommendation regarding the "tangible harm" requirement regarding due process claims based on loss of reputation. To establish a loss-of-reputation due process claim, a plaintiff must allege both damage to his reputation from Defendants' censure and some tangible effect on some liberty or property interest he possesses. *Paul v. Davis*, 424 U.S. 693, 701 (1976). Plaintiff broadly states in his objections that he has suffered emotional distress and economic loss because of the censure. ECF No. 52-1, p. 21. However, Plaintiff does not point the Court to anywhere in his Complaint where he made these allegations. Further, even if Plaintiff did make these allegations in his Complaint, Plaintiff has stated no authority to support the argument that emotional distress and economic loss satisfy the "tangible harm" requirement to state a procedural due process claim based on loss of reputation. Accordingly, the Court agrees with Judge Bryant's recommendation that Plaintiff's procedural due process claims should be dismissed.

**C. Equal Protection Clam**

To state an equal protection claim, it is essential that Plaintiff allege that he was treated differently than others who are similarly situated to him. *Keevan v. Smith*, 100 F.3d 644, 648 (8th Cir. 1996). Judge Bryant recommends dismissal of Plaintiff's equal protection claim because Plaintiff fails to allege he was treated differently than any similarly-situated individual.

In his objections, Plaintiff states that he was treated differently than "Caucasian Buddy Allen, Chairman of the A&P," because Plaintiff demanded that Allen be censured and he was not. Plaintiff also states that he was treated differently than the "Texarkana, Arkansas Fire Department Captain." ECF No. 52-1, p. 24. However, Plaintiff fails to allege how these individuals are similarly situated to him. Accordingly, the Court agrees with Judge Bryant's recommendation that Plaintiff's equal protection claim should be dismissed based on Plaintiff's failure to allege in his Amended Complaint that he was treated differently than others who were similarly situated to him.

**D. Defamation**

Judge Bryant recommends dismissal of Plaintiff's section 1983 defamation claim because defamation is not actionable under section 1983. *See Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). In his objections, Plaintiff does not cite any authority to the contrary. Accordingly, the Court agrees with Judge Bryant's recommendation that Plaintiff's section 1983 defamation claim should be dismissed.

**E. State Law Claims**

Judge Bryant recommends that, because Plaintiff has failed to allege any viable federal claim, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Johnson v. City of Sherwood*, 360 F.3d 810, 819 (8th Cir. 2004). The Court agrees with this recommendation, and Plaintiff offers no compelling argument

as to why the Court should exercise supplemental jurisdiction over his state-law claims.

Based on its own de novo review, the Court overrules Plaintiff's objections and adopts the Report and Recommendation *in toto*. ECF No. 50. Accordingly, Defendants' Motion to Dismiss (ECF No. 40) is **GRANTED**. Plaintiff's state-law claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of October, 2019.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge